UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BORIS KHANIMOV,                                                    Docket No.

                        Plaintiff,         **PETITION FOR REMOVAL**
                                                                                                  **OF ACTION UNDER 28**
               -against-                                              **U.S.C. §1446(a) DIVERSITY**

THE HOME DEPOT, INC. and HOME DEPOT U.S.A.,
INC.,

                        Defendants.
------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**:

      **PLEASE TAKE NOTICE** that Defendants Home Depot USA, Inc. and The Home Depot, Inc. (collectively referred to herein as "Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Kings, to the United States District Court, EASTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

      1.     This action was commenced against HOME DEPOT in the Supreme Court of the State of New York, County of KINGS, with the Index Number 524369/2019 and was electronically filed November 6, 2019.

      2.     Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

      3.     In his Complaint, Plaintiff alleges personal injury from an incident which occurred on November 7, 2018 at 550 Hamilton Avenue, in the County of Kings, City and State of New York due to Defendants' negligence. **Exhibit "A"**.

4. The Affidavits of Service indicate that both Defendants HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC. were served at the office of the Secretary of the State of New York on November 14, 2019. **Exhibits "B"** and **"C,"** respectively**.**

5. Defendants filed an Answer to the Complaint on December 12, 2019. **Exhibit "D"**.

6. On December 13, 2019, Defendants served a Demand for Supplemental Statement of Damages. **Exhibit "E."**

## DIVERSITY JURISDICTION IS PROPER

7. No further proceedings have been had in the Supreme Court of the State of New York, County of Kings, as of the date of the filing of this Petition for Removal.

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendants.

## DIVERSITY EXISTS

9. This firm represents Defendants HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC. in this action.

10. At the time that this action was filed, HOME DEPOT U.S.A, INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

11. At the time that this action was filed, THE HOME DEPOT, INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

12. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

business." For the purposes of federal diversity jurisdiction, based upon the above, Defendant are not citizens of the State of New York.

13. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence in the County of Kings **Exhibit "A"**.

14. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Verified Complaint cannot state the amount of damages Plaintiff deems himself entitled to (CPLR 3107(c)). However, Plaintiff alleges in the Verified Complaint that he "sustained severe injuries." (See **Exhibit "A,"** ¶29).

16. On September 28, 2020, Plaintiff made a demand for damages of $750,000. **Exhibit "F"**. Since it was not facially apparent from the Plaintiff's complaint whether the amount in controversy exceeded the $75,000.00 threshold, Defendant learning of the value of this action, can remove within 30 days.

17. Defendants note that several attempts to ascertain the amount in controversy were made throughout this litigation, with Defendants even filing a motion to compel a response to the Demand for a Supplemental Statement of Damages. Defendants submit that they have been diligent in their efforts and that every reasonable effort was made to determine the amount in controversy as expeditiously as possible. Should the Court require documentation on the attempts made by Defendants, we will provide without delay.

18. Home Depot submits that the (1) allegations in the Complaint with (2) Plaintiff's demand which he claim to be entitled to $750,000.00 proves that the value reasonably exceeds the jurisdictional threshold. *United Food & Commercial Workers Union, Local 919, AFL-CIO v*

*CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

19. Home Depot reserves its rights to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## **REMOVAL IS TIMELY**

20. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. The Petition for Removal is also filed within one year of the filing of the Complaint. Thus, the Petition for Removal is timely filed.

## **NOTICE**

21. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Kings.

## **VENUE IS PROPER**

22. The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Kings County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## **RESERVATION OF DEFENSES AND RIGHTS**

23. Home Depot reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24. Home Depot reserves the right to amend or supplement this Petition for Removal.

25. If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Kings, Index No. 524369/2019 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., prays that this cause of action now pending in the Supreme Court of the State of New York, County of Kings, be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: New York, New York
October 7, 2020

LEWIS BRISBOIS BISGAARD & SMITH LLP

*Michael Giacopelli*

David M. Pollack
Michael N. Giacopelli
Carla T. Elias Nava
*Attorneys for Defendants*
*HOME DEPOT U.S.A., INC. and*
*THE HOME DEPOT, INC.*
77 Water Street – Suite 2100
New York, New York 10005
212.232.1300

4820-7422-6636.1

To:
Eric H. Green, Esq.
ERIC H. GREEN & ASSOCIATES
*Attorneys for Plaintiff BORIS KHANIMOV*
295 Madison Avenue
New York, New York 10017
212.532.2450

4820-7422-6636.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused the ***PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY and RULE 7.1 DISCLOSURE*** to be served on Wednesday, October 07, 2020 via CM/ECF upon the attorneys of record for all parties.

LEWIS BRISBOIS BISGAARD & SMITH LLP

**By:**  **/s/ Michael Giacopelli**

Attorneys for Defendant
*HOME DEPOT U.S.A., INC*.
77 Water Street – Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Facsimile:  (212) 232-1399
Meagan.kelly@lewisbrisbois.com

4820-7422-6636.1